Okay, Mr. Smith, representing the Sierra Club. Good afternoon. May it please the Court, on behalf of the Sierra Club, my name is Joshua Smith. The lawsuit underlying this appeal is a reverse FOIA lawsuit in which Entergy seeks to set aside and enjoin under the Administrative Procedure Act an EPA decision to release information to Sierra Club that it requested nearly four years ago. Almost a year and a half ago, when EPA made the determination that Sierra Club was entitled to a discrete subset of documents under the Freedom of Information Act, Entergy brought this lawsuit seeking to enjoin not only that discrete subset of documents, but a much larger set of 18,000 documents for which EPA is still reviewing, still withholding SCBI, and for which no release determination has been made. I have a question. I'm a little confused about  whether from EPA to Energy Reflex is still being reviewed in agreement with the stay. I don't know whether you all have different positions on this, and so I'll invite the other side to also clarify this for me. But is there any requested information from you all, you all made the request, that is not subject of the third party confidential review being conducted by the EPA? In other words, this letter and then what has been told to the judge about the stay, you use the term discrete portion that was supposed to be made available to you. Is that discrete portion also subject to an inquiry as to whether those things, whether there might be subject of third party confidentiality? No, they are not, Your Honor. I'm going to ask opposing counsel the same thing. I got the impression from them when they were talking about rightness and that kind of things for bearing on the issue that we have before us today, that everything is being reviewed for the third party, and your position is EPA has said it's final, we're not going to review our decision on this, and it's not being subject to third party. That's correct. With respect to the 3,685 documents. So why, so then your argument then obviously follows is I cannot understand why, if you're supposed to have this, and it's not being subject to review, why there is a stay for a final determination unless their lawsuit is both a challenge, a reverse suit, challenge both to its determination of the third party claims and the discrete determination of what is not subject to third party. Your Honor, the 3,685 documents are ripe and final for review right now, and this really reflects the fundamental difference between Sierra Club and EPA in this case. Not only is there That's final and determinative. You're entitled to get that. Exactly. And there's not just a reverse a reverse lawsuit, but you're also entitled to have an enforcement of what they finally determined that you're entitled to. I think that's exactly correct. So you can't have it both ways, and neither one of you can have it both ways. Neither one of you can say, well, it's final and it's all over, and there's been a release of all information, and at the same time say, well, it's not really final. There's still an EPA administrative procedure going on as to what's going to be released and what's not going to be released. I think these are all important questions that go to the merits, Your Honor, but I think what's really important here is that EPA's interests here have diverged from Sierra Club's in very distinct ways. Doesn't it go to ripeness? Isn't that what judges say? It's the finality of the judgment. As I understand it, Energy's point is that this 3,000-whatever-it-is, 600, is not written in stone, that they're still contesting some of that, and some of that is not decided. There is a final determination, a release determination, which is the subject, which is the agency action under review. If that's not final and ripe for review, there's no action at all in this court to review. The party that answers the question is not before us today. EPA is not here to tell me what their stay means and what their review means. Let them tell us. I want to make one thing clear. It's not just a stay. EPA has acceded to an injunction barring not only the release of those 3,000 documents, but the other 18,000 documents. So not only has EPA precluded our ability to protect the prompt disclosure of the 3,000 documents, but it's effectively insulated itself from a FOIA action. But we're not here on the stay. We are here on whether you have the right to intervene. Well, the injunction and the stay are reflective of EPA's adverse interest in this case. And I think this Court's most recent decision on intervention in Texas v. United States is directly applicable here and provides guidance and makes clear that where the government's interests diverge from the proposed movement intervener in a way that concretely impacts the litigation and adversely affects their interests, the government does not represent that party's interests. And here, EPA has candidly admitted that its own interests in administrative efficiency, taking the review process, taking its time to review the third-party documents, are higher priorities than Sierra Club's interests. Well, that's because the law says that they can't disclose confidential business information of third parties without notifying them. That's exactly correct, but they have made a final determination, which is the only determination that's subject to review in the Court below, that there is no confidential business information in the 3,000 documents that really are before the Court. And acceding to the injunction, EPA has directly impacted Sierra Club's interests in a number of ways. It's precluded, as I said, precluded Sierra Club from asserting its own FOIA action with respect to either the 3,000 or the 18,000 documents. And it's also implicitly conceded that the Court has jurisdiction over all of the documents at issue. Sierra Club's interest in this case and its legally protected interest under FOIA is the prompt disclosure of the documents that EPA determined are ready to be disclosed. They don't have any confidential business information in them, whether it be energy or any third party. And so this case really stands on all fours with this Court's established law in Glickman and in Brumfield, in which the proposed move in intervenors wanted to raise real and legitimate questions going to the Court's power to ask questions before the case, before the Court. Let me ask, I mean, I know you want to intervene because you say you have your own distinct interests, but name a single argument that you would make that EPA would not make. We dispute the District Court's jurisdiction to enjoin the 18,000 documents that it hasn't enjoining. It certainly is, Your Honor. Well, it could just sit there and refuse to rule, couldn't it? Well, and that's the distinction between, that's the difference. And that's the distinction. EPA, at page 249 of the Record on Appeal, Your Honor, EPA agreed that an injunction was necessary and appropriate. That is contrary to Sierra Club's interest in the prompt disclosure of those documents. But again, what do you say? How can EPA do that without violating the . . . How can you ask for documents that are in violation of FOIA because they are confidential business information and the parties have not been notified and had a chance themselves to intervene? There is really one narrow issue before the District Court. It's about the 3,000 documents that don't have any third-party information in them. Those are ripe for review right now, and we seek a prompt adjudication of those. To me, that's more a matter of how the Court chooses to manage its docket. I mean, suppose it were one document. Would you be up here arguing about one document if they had decided that only one document was subject to disclosure? It's not a dispute over the Court's . . . Backing up just a moment. The Court has no discretion in the interest of its own efficiency to ignore jurisdictional defects in the case before it. And here, we have a set of documents that are ripe for review. We're not saying we're entitled to them now. That's a merits question. The question is whether they are an inadequate representative of your interest. Your interest is to try to get those documents now. They have lied supinely on their backs and have not done anything about delivering those documents to you now, and there's no reason for their not doing it, in your view. And they say there is a reason, and that creates an adverse interest, and their interest is exactly opposite of yours. And I don't see why . . . how there's any argument that they are an adequate representative of your interest when they are effectively advocating an injunction, and you are fighting it. And further, I don't see how they are an adequate representative of your interest whenever their job is to try to work the thing out with energy, and your job is to try to get as many documents as you possibly can. So I don't see how you can possibly say that your interest, the EPA's interest and the Sierra Club's interest, are parallel. I think that's exactly right, Your Honor. And I think in addition to that, I think the District Court took an improperly narrow view of a presumption that sometimes applies in these cases, a presumption that the government adequately represents a proposed intervener. And in this case, the District Court and Entergy, in our view, take a . . . And the only question before us is a motion to intervene. That's correct, Your Honor. And all this other is ancillary. I mean, I know they have . . . Well, to me, it's an interlocutory appeal if there's still issues pending as to the 3,000 documents. There are . . . there are . . . there are no issues related to the . . . That's why my question is, what does that order mean and what is the original appeal about? I don't think . . . If everything is subject to a review, including what was . . . what EPA said you're entitled to, if that's still up and being reviewed and being reconsidered, in fact, there has been no final order of release. If part of it has been finally determined and there's been an order of release . . . And it has. And it looks like it has, then you obviously have a different interest than EPA. When EPA agrees for what you're entitled to have right now, they agree, well, we're not going to turn it over to you. And they're saying it's a final decision and they're not going to review it. So it's either a mixed bag or . . . So it follows what you said, that they cannot be an adequate representative. They've got different interests. They can't be. And then when you go back to court, I think the district judge needs to find out and look to, is everything being reviewed, in which case maybe staying it is a proper thing or is this a piecemeal thing? If everything's being reviewed, then there shouldn't have been the lawsuit filed anyway because there's been no final release of anything. Is there any indication that the 2,300 pages or how many ever it is that they have ordered released are being reviewed now? There is, Your Honor, there is evidence in the record that they are continuing to review those documents. There is, however . . . Why did they issue a final order then? Then why was there a final order? That's a good question, and I think this is sort of the oddity of . . . Is there a dispute here whether there has been a final order? There is not. If you look to the . . . Why is there not when you just told me what you said? We have no dispute that there is a final order, and to the extent that Entergy does have a dispute . . . If there's a dispute between you and him, there might be a dispute between them and the EPA. Well, this is an odd argument that Entergy raises, Your Honor, because they're trying to have it both ways because obviously they thought it was final enough to file a lawsuit. Hold on, hold on. Let's just . . . You've got a question. I was just going to say is you can't be in the position of saying there's no final order because then there's no case and you don't have any case to be able to intervene in. On the other hand, they can't take the position that it's all being reviewed and at the same time say that there's a final order. If it's all being reviewed, there hasn't been a final order. So you don't want their . . . you have to insist that there's a final order, and they don't want you to have what you're entitled to have right now, so they're saying there is a final order, but it's still all being reviewed and it's not right. Okay, let him make his argument. Okay, go ahead. I think this is an important point, Your Honor, because if the case is dismissed in its entirety and the injunction is lifted, Sierra Club has its own affirmative FOIA claim that it can make against EPA. And right now, under a Supreme Court precedent, we cannot assert our own claim because the Supreme Court has held that the withholding of public records pursuant to a court-ordered injunction is not improper within the meaning of the law. I'll give you one minute to sum up what your position is. One, two, three, four, without interruption. In light of EPA's explicit admission that its own institutional interests diverge with and are bigger concerns than Sierra Club's interests in the prompt and timely disclosure  the agency cannot and does not adequately represent Sierra Club's interests. That is all. Okay. Thank you very much, Mr. Smith. You've saved some time for rebuttal. Mr. Street, we'll hear from you. May it please the Court. I'd like to go directly to Judge Benavidez's question about which universe of documents is being reviewed because I think that's important. It's probably not dispositive in our view. We still think this is a docket control issue. But let me go directly to that question. If you look at the EPA's final determination on the FOIA request of the Sierra Club, it's at page 401 in the record. They say there's 21,685 pages. And they say that Entergy has asserted a CBI defense as to all of those pages. And then here's what the final determination says. It says, and I'm quoting from page 401 of the record, upon review of a sample of the relevant documents, a significant portion of the information contains third-party confidential business information. So at the time EPA made their final determination, they just looked at a sample. Now this. You're calling it a final determination. What is that determination that you said? Right. What is that? Yes, and it is a final determination that all 21,685 pages do not contain any of Entergy's confidential business information. That's a final determination. The EPA is standing by it. Those pages, in the EPA's view, do not contain any of our information. Now where they're getting this number of the 3,685 that they claim is a final discrete subset, that number is also in the final determination, but it's derived from a sample. They're extrapolating from their sample that there would be about 3,685 documents that only have Entergy's CBI, and there would be some 18,000 documents that would have Entergy's CBI and some third-party CBI. And the final determination says there will need to be a review of all the documents, and that's what's ongoing right now. And I want to walk the court through some of the record because, as Judge Benavides mentioned, the EPA is not here, but the EPA said before the district court exactly what it was reviewing, and it's at page 869 to 873 in the record. The EPA's lawyer showed up at the motion to intervene hearing in the district court, and the district court asked some of the same questions this court is asking, and the EPA's lawyer said, quote, What we have to do is still go through those 22,000 documents.  There has not been a review of those documents to determine which pages contain third-party CBI. Now, EPA is under a legal obligation under its regulations to review every single page of those documents before it releases any pages because it cannot release a page that has third-party CBI without giving that third party the right to assert its interests. But how do the 2,300 pages fit into that? 3,600. So there's 21,000 pages that contain Entergy CBI. There's a subset. We don't know the amount because it hasn't been fully reviewed yet, at least at the time of the intervention it hasn't. They're pinning the number 3,685 on it that some subset is Entergy-only CBI. It doesn't have any third-party CBI. Now, why I say they're just pinning a number on it, if you continue to look at the transcript before the district court, the EPA's lawyer also makes clear that now they are going through that whole universe of 21,000 documents, and now they have gotten it down to 2,185 pages as Entergy-only CBI. So this is not some number that's set in stone. In other words, they're going through each page. If they see that there's not a third-party CBI on it. Why did they separate themselves by the number of 21,000 and 3,600? How does that figure into this appeal? Well, that number comes from the EPA's final determination, which is sort of that number comes from a sample. And I quoted you the language. I understand that. But EPA did say this is a final order. Right. All right. And then the final order with respect to what? With respect to Entergy's assertion that it has CBI in the 21,600 documents. And they said that they were ready for release. Is that correct? No. They said there has to be a review of all of those pages to determine whether third parties have some confidential business information in them. I thought that was with respect to the 21,000 that they made that remark. Yes. And the 3,600 number that the Sierra Club is using is a subset included within the 21,000 universe. Why did they separate it then? Tell me what makes sense that they would separate the 3,600 from 21,000. Sure. Because once they determine the actual number of pages that only have Entergy CBI, then those can be adjudicated and released. But first they have to go through the full universe of the 21,000 to determine that exact number. I know this is confusing, but it's because they've created artificial certainty about this 3,600 number. And, in fact, now that the EPA has gone through and reviewed, it's down to 2,100 that eventually will be able to be adjudicated and released. 2,100 out of the 36 or out of the? Out of the full universe of 21,865. Yes. And they have done that subsequent to the issue in a final order with respect to the 3,600. Correct. So this is an ongoing process, you're saying? That's correct. And does the record reflect that? I mean, there's no question about that as far as they're supported by the record? There's no question about that, and I don't really understand how Sierra Club is making this assertion. I just cited pages 869 to 873 in the record where EPA says it's reviewing all 22,000 documents to determine which ones have third-party CBI. Once it determines the universe of documents that only have Entergy CBI, it may be 2,100, it may be 3,600, it may be somewhere in between, then the district court can adjudicate Entergy's claim as to whether that actually is CBI or not. But it has to complete the review by law to make sure that it doesn't release any documents that have third-party CBI on them. I'm just trying to understand the facts here now. Entergy's position is that all of these are Entergy's. I don't know if it can't be in the position of the third-party people, it's only in the position of itself, right? Yes. You'd agree with that. So Entergy's position is, at least now, that all of these are its confidential matters, right? Yes. So Entergy is saying that whole universe is something that we claim. Yes, and the EPA agrees with that. Well, they don't agree that it's all your confidential. That's right. They agree we're making a claim to it, and they disagree with our claim wholeheartedly on the merits. But your position is they disagreed with that claim, and that they're only looking at third-party, whether it might be somebody else's third-party, and waivers and things like that. Correct. And that's what they're doing? I just want to find out. That's what I'm asking him. Is that the only thing that they're doing now? Yes. That's exactly what they're doing is they're going through all the 21,000 pages that we claim contain our CBI, and they're noticing that a lot of third parties also have claims on those pages. So before the court can identify, before EPA can identify what is the discrete subset that only has Entergy's CBI, it has to do that full review. Now, I understand there's some confusion about how is that a final order and maybe are there jurisdictional questions. And I think it's very clear that it is a final order because it's a final legal determination that none of those 21,000-plus pages have Entergy's CBI in it. Now, there's going to be a delay between that order and the actual production of the documents, but that's hardly unusual for an agency action to have some time to take effect. It happens all the time in pre-enforcement challenges to rules and constitutional claims. And we cited the Citizens for Responsibility and Ethics in Washington case on page 47 to 48 in our brief, which says there's a very— How can it be a final order when it is still subject to review as to whether it will be released? Because there's a difference between a final order on the legal question of whether Entergy has protectable CBI and whether it can be released because of third-party issues that are independent of Entergy. Yes, but the question is can it be released or can it not be released? And that's—and you're saying that even though they say it can be released with respect to CBI's of Entergy, there are other matters that would prevent its being released. So it can't be released even though it's releasable. Is that what you're saying? It cannot be released until the third-party review is completed, and then whatever pages do not have third-party CBI in them can be released. So how is that a final order? If it's—if you can't release the papers. If they haven't made a determination— Well, just wait. Release. Adam, answer my question, please. I'm rephrasing your question. Because there's a third-party interest involved. So the third party is not a party to the FOIA request. They're not a party to this litigation. There's 150-some third parties. They could intervene in your lawsuit. That's very possible. They haven't done that yet. But there's a final decision between the only two parties in the case, Entergy and EPA. Does Entergy have a valid CBI claim or not? Now, I understand why it seems non-final in some sense. It's certainly final as between the parties and between the legal issue in this case. The fact that there's some other third-party interest that have to be protected by law doesn't make the decision non-final. And that's where the CREW case comes in that I talked about, which, like I just mentioned, talks about specifically in the FOIA context. There is oftentimes going to be a difference between a decision to release a document and the ability to actually release that document. And it doesn't make the decision to release any less of a final order. So I think that's an important distinction to get. But there has been no decision to release. There has been an adverse, seemingly, there has been an adverse decision as to your confidentiality claim. But there has not been a decision to release any of it. So my question is this. What makes the order final, an order to release or an order that determines one person's position about the release of that document? Does there have to be a release in order for there to be? No, no, and that's exactly the case that I cited. It presents that quote. So you're saying the case is right for our deciding sole question before us, and that is their right to intervene? Yes. And with respect to the only legal substantive question before the district court, which is whether Entergy has CBI in those documents, Sierra Club and EPA are on precisely the same page. Sierra Club has not identified a single argument they would make that is any different with respect to whether these documents are Entergy CBI. They have a different interest. They surely have a different interest. Your Honor, there's different ways of looking at that question. I think this court looks at it in two steps, whether the intervener has the same ultimate objective. And if they do, then a presumption arises that there's adequate representation. Certainly they have the same ultimate objective. They want to get. I wouldn't agree with that, though. I mean, you can tell me if I'm wrong. But, I mean, their position is to get as many papers as they possibly can, and that is not necessarily the position of the EPA. And they have injected this business of the state in which they take opposite positions with the EPA on that. And that sounds like, to me, inadequate representation of their interest. Now, why is that not true? Well, first of all, with respect to the full universe of 22,000 documents, they are on exactly the same page. EPA says they have to be released if they're Entergy-only CBI. Sierra Club agrees. Now, yes, they have disagreements over the tactics, over how the district court controls its docket, over whether some subset gets litigated first before a different subset. But this court has said many times, and we collect the cases on pages 29 to 30 of our brief, that mere differences over tactics or strategy or procedure . . . Right? Yes. Thank you very much, Judge Jones. That's exactly right. And so, I think, Judge Folley, you're saying they have an interest in getting as many documents as they can as fast as they can. But when the documents they want have unreviewed third-party claims in them, that's not a legally valid interest. Will there be any dispute between EPA and Sierra Club over whether there are CBI interests to be protected? No. They have not claimed that they have any right to get documents that have third-party CBI in them. That would be . . . And that the EPA is the sole determinant of that, and that it's an unappealable decision. Well, it's reviewing those claims to see whether there's any third-party claims. Now, there may be separate adjudications of whether the third party has valid claims or not. Let's go back a moment. The typical deal in FOIA litigation, or correct me if I'm wrong, but the typical deal is the agency says, we think X should be released. U Energy disagrees. Then you send those documents to the court, and the court makes an in-camera examination, right? Yes. So that's the part that has not been done here. And when the court gets to that, after EPA focuses the issues and the documents go to the court, who will probably ask for an extra law clerk, and the court will have to go through them and decide who has the CBI. Well, and then, so at some point, that the Sierra Club will have a right to intervene, will arise, so we'll be just doing this all over again? No. Do they have the right to intervene? I mean, or never have the right to intervene? Or it may ripen to the right to intervene? What is your position on that? I don't see any reason they would ever have a right to intervene so long as they agree that the 22,000 documents don't have Energy CBI in them. Now, you're talking about a dispute over – Well, they do disagree about that. Well, you're just going to disagree with that. We disagree with that, but EPA and the Sierra Club are on exactly the same page with respect to that question. Now, I think you're maybe suggesting sometime in the future that they could have a dispute over whether some third party has a valid claim or not. Now, if the third party intervened in the case and then Sierra Club took a different position than the EPA as to the third party, yeah, that's possible. You could have an intervention. But so far, none of the third parties have intervened. That's all been dealt with on an individual phone call basis, essentially. Counsel, the process is what bothers me on this thing. I'm sure you all are in good faith, but let's assume that the EPA says – let's say you get a waiver from a third party or the EPA says it's not a third party confidential thing. You're still going to make the claim, aren't you, that all of them are your confidential thing. Yes. It doesn't make – so I don't know where the third party rights have any bearing on this question that we had before because your position has been and will always be that regardless of what their determinations are about the third party, their determinations about it not being your confidential material is wrong. And you're saying that that original order is enough where they say that you're wrong so that you – that made it ripe and justiciable for you to file your lawsuit. Yes, that's correct. And that's all that the court should be focused on is whether there's a disagreement between the EPA and the Sierra Club over whether Entergy is correct that all of those documents are CBI. The third party, it's confusing, but it's required. Why can't that process go on irrespective of what the third party claims are, whether they're good or whether they're not good? You're still not giving up your position. Well, first of all, it's only 15 months since this lawsuit was filed. The rest of it has to do with machinations and pre-litigation FOIA between Sierra Club and EPA. It doesn't have anything to do with this. But you're talking about is there some subset of documents that can be adjudicated and released now? And that's the point I was trying to make at the very beginning. No, all of them. Can they determine all of them as to your claim? Because it doesn't make any difference what EPA says about third party. You're still going to be saying there are confidential and I still have my lawsuit. Correct. I get – I totally get what you're getting at, Your Honor, that they – you're exactly right. The district court could have chosen to just go through and adjudicate all 22,000 pages as to Entergy. But then it would have been adjudicating pages that it might ultimately not have had to adjudicate. So that question is directly within the district court's discretion to control the docket. That's the exact argument that the Sierra Club presented. And you'll recall procedurally that the Sierra Club won intervention before the magistrate judge. So they were an intervener in this case for a period of months. They made that exact same argument. Just go ahead and make the legal determination as to Entergy. And the district court said it doesn't make sense to do that sort of a piecemeal approach where I'm adjudicating documents that I might not otherwise have to. Now, they've already made this argument as an intervener. But yet they're coming before this court today saying that we need to intervene. Well, why do they need to intervene, I think the court has to ask. So they can go back and make the exact same argument again that the district court rejected in its docket control discretion. They haven't identified any other substantive argument except how the district court should control its docket. And time and again, Wright and Miller, the cases at page 29 to 30 of our brief, say that differences over tactics, strategy, and timing are not the sort of substantive differences that lead to an inadequate representation. Thank you, Mr. Street. Mr. Matthews, you've saved four minutes for rebuttal. Thank you, Your Honor. There are just a couple of points I'd like to make in response. This court has held that under FOIA, the district court has no jurisdiction to enjoin documents that have not been ordered released. That is binding. It's black-letter law. The court has no jurisdiction over the 18,000 documents that the EPA hasn't ordered released. And I want to draw your attention to the record on appeal at page 401 because that's the final determination in which EPA said it will release approximately 3,500 documents. In a second determination, it added another 185 documents to that release determination. Those are the only issues properly before the court. Where did you get the number 2,185? That number came from an EPA analyst who is overseeing the FOIA process and has since purportedly reduced that number through subsequently examining those same set of documents. You're saying they've identified them. It's not a sample. It's not potential. There is some set of documents that is final. Otherwise, the court has no jurisdiction to enjoin all of the documents that it did. Is this a formal injunction or is it a docket control measure? At page 249 of the record on appeal, Your Honor, EPA agreed that an injunction was appropriate and necessary. The title of that document, Your Honor, is a stipulation to an order barring release of any of the documents at issue. So it is a formal injunction. It's an order precluding the release of the documents. We disagree that the court has jurisdiction over it. If the case were to be remanded, what argument would you be making if it is correct that there are third-party interests at stake, that that review process is ongoing, and that by law you don't have a right to see those until the third party's consent? What argument are you going to make to the district court that you have not already made? Your Honor, in the court below, we informed the district court that we are prepared to offer expert testimony going to whether the documents in question are actually competitive business information. We would also offer evidence regarding the public interest in those documents. But, Your Honor— But suppose you do that, and suppose the judge decides those questions, and then she has to go over the 21,000 documents once, because that's what the range of the dispute is between you and Andergy, is 21,000, not 3,000. So she's got to go over all 21,000 of them, and then EPA says, but wait a minute, we don't want to be held in contempt by third parties for violating the law. You've got to go through these again and find the CBI for the third party. And that illustrates exactly why EPA's interests, institutional interests— It's not institutional, it's the law, because you don't have a protectable interest in receiving those documents. We have a protectable interest in the 3,500 documents. The 35—page 402 of the Record on Appeal, Your Honor, is a determination that's giving Sierra Club a legal right under FOIA to the release of the 3,500 documents at issue. That is our legal right that we seek to protect. As a footnote, you have received 16,000 some pages. Those documents are irrelevant. They're irrelevant because they're not challenged in this case by Andergy. And I think I'd like to make one final point here that's I think illustrated quite nicely by Andergy, is that there is a fundamental disagreement as to what the scope of the agency decision is under review. We're seeking to intervene to protect our right to prompt and timely disclosure of the documents that have been ordered released. EPA has made clear that it has no interest in pursuing that interest. Under this Court's binding precedent in Glickman, we are entitled to intervene. That's all I have, Your Honor. Okay. Thank you, Mr. Smith. I'll call the next case of the day, and that's Billy Shannon versus—